Rockingham
No. 2009-753

ROBERT P. GRIMARD

v.

ROCKINGHAM COUNTY DEPARTMENT OF CORRECTIONS

Argued: September 8, 2010
Opinion Issued: October 27, 2010

*McKittrick Law Offices*, of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the petitioner.

*Sheehan Phinney Bass + Green, P.A.*, of Manchester (*Elizabeth A. Bailey* on the brief and orally), for the respondent.

DALIANIS, J. The petitioner, Robert P. Grimard, appeals a decision of the Superior Court (*McHugh*, J.) affirming an order of the New Hampshire Department of Labor (DOL) denying his wage claim and request for attorney's fees. We affirm.

The record reveals the following facts. The petitioner is employed by the respondent, Rockingham County Department of Corrections, as a salaried exempt employee. His annual salary is $48,000, which he receives on a bi-weekly basis. The petitioner received his paycheck, in full, at all times relevant to this appeal.

Under the respondent's leave policy, all employees accrue "earned time." The policy in existence at the time the petitioner filed his wage claim states, in pertinent part:

> EARNED TIME. Part-time and full-time employees accrue Earned Time. Earned Time is an alternative approach to the traditional manner of earning paid time off for vacation, personal days and sick leave. Instead of dividing benefits into a specific number of days for each category, Earned Time puts these days together into a single benefit. Earned Time days can be used for a variety of purposes, including a payment in cash based on the formulae set forth below at the time of voluntary termination. Bereavement Leave, Holidays and Jury Duty are provided as separate benefits.

Earned time may be used any time after it has been earned, in units of one-quarter hour or more. The petitioner accrues eighteen hours of earned time each month. Under the earned time policy, when the petitioner leaves his office during his regularly scheduled hours, his accrued earned time credit is deducted accordingly. For example, if the petitioner leaves the office for a doctor's appointment and is absent for two hours, his earned time is reduced by two hours.

The petitioner filed a wage claim with the DOL alleging that because he is a salaried employee, he "should have no loss of earned time regardless of the hours [he] work[s] in any one week based on RSA 275:43-b." *See* RSA 275:43-b, I (2010). The hearing officer denied the petitioner's claim, finding that because he was paid his salary, in full, for every pay period he was employed and was notified in writing as to how his earned time would be deducted, the petitioner was not owed any wages. The petitioner appealed the DOL decision to the superior court, which upheld the DOL decision and denied the petitioner's request for attorney's fees. This appeal followed.

"Any party aggrieved by [a DOL wage claim] decision may appeal to the superior court . . . by petition, setting forth that the decision is erroneous, in whole or in part, and specifying the grounds upon which the decision is claimed to be in error." RSA 275:51, V (2010). "The scope of review by the superior court shall be limited to questions of law." *Id.* "After hearing and upon consideration of the record, the [superior] court may affirm, vacate or modify in whole or in part the decision of the commissioner, or may remand the matter to the commissioner for further findings." *Id.* We, in turn, review *de novo* the trial court's decisions on questions of law. *See Demers Agency v. Widney*, 155 N.H. 658, 660 (2007).

To resolve this appeal, we must determine whether the respondent violated RSA 275:43-b, I, by deducting from the petitioner's earned time in accordance with its published policies. We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Appeal of Parkland Med. Ctr.*, 158 N.H. 67, 72 (2008). We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meaning to the words used. *Id.* When the statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent, and we will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* We also interpret the statute in the context of the overall statutory scheme and not in isolation. *Liam Hooksett, LLC v. Boynton*, 157 N.H. 625, 628 (2008).

The petitioner's wage claim was brought under RSA 275:43-b, I, which provides, in pertinent part: "A salaried employee shall receive full salary for

any pay period in which such employee performs any work without regard to the number of days or hours worked," except under certain specifically enumerated circumstances.

■ RSA chapter 275 does not define the term "salary." It does, however, define a "salaried employee" as

> any employee who under an employment agreement or as a matter of policy or practice, *regularly receives each pay period a predetermined or fixed amount of money* constituting compensation, based on a predetermined amount of wages to be paid as determined by a . . . bi-weekly rate, . . . and which amount is not subject to reduction because of variations in the quality or quantity of the work performed and regardless of the hours or days worked except as otherwise provided in RSA 275:43-b.

RSA 275:42, VI (2010) (emphasis added). Under the plain language of the pertinent statutes, a salaried employee is entitled to receive a fixed amount of money to be paid at a specific time; *i.e.*, a paycheck. It is this fixed amount of money that constitutes the employee's "salary" and cannot be reduced except as provided in RSA 275:43-b.

■ The exceptions to the full salary requirement in RSA 275:43-b, I, support a finding that the legislature intended "salary" to be limited to money received. For instance, under RSA 275:43-b, I(e), an employer is not required to pay a salaried employee's full salary when,

> [t]he salaried employee voluntarily, without coercion or pressure, requests time off without pay for any portion of a pay period, after the employee has exhausted any leave time pursuant to a written bona fide leave plan, practice or policy and such leave time requested by the employee is granted by the employer.

Thus, salary is intended to be separate and distinct from an employee's leave time and although an employer may not reduce a salaried employee's salary, it may reduce the employee's leave time in a manner consistent with the employer's plan or policy.

■ At the DOL hearing, the petitioner testified that he was "[p]aid the same amount in money" each week, and the respondent presented evidence that the petitioner was always paid his full paycheck. Even though the petitioner's earned time may have been reduced, he nonetheless received his full salary. Thus, there was no violation of RSA 275:43-b, I, and the trial court properly denied the petitioner's wage claim.

██ ██ The petitioner's appeal is premised upon his argument that by deducting from his earned time, the respondent impermissibly reduced his compensation. We recognize that the term "wages" is defined as "compensation," RSA 275:42, III (2010), and that we have previously held that compensation includes employee benefits. *See Gilman v. County of Cheshire*, 126 N.H. 445, 448-49 (1985). However, the petitioner's claim does not concern the definition of "wages"; rather, it concerns the meaning of the word "salary" as used in RSA 275:43-b, I. Because "salary" is statutorily limited to the money received in each pay period, a deduction of accrued earned time is not a reduction in salary.

██ The trial court also properly denied the petitioner's request for attorney's fees. "[W]hen the court has found a wage claim meritorious, it should exercise its statutory discretion by awarding reasonable counsel fees." *Demers Agency*, 155 N.H. at 664. Because the trial court did not find the wage claim to be meritorious, it did not err by denying the request for attorney's fees.

*Affirmed.*

DUGGAN, HICKS and CONBOY, JJ., concurred.